IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYSHON LAWS,

        Plaintiff,

v.

        Case No. 3:26-CV-761-NJR

WALGREENS,

        Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tyshon Laws initiated this employment discrimination action against Defendant Walgreens on May 29, 2026, by filing the Determination and Notice of Rights that she received from the Equal Employment Opportunity Commission ("EEOC"). (Doc. 3). With her filing, Laws also included the Charge of Discrimination that she submitted to the EEOC. (*Id.*). Now pending before the Court is Laws's Motion to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 4).

Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without prepaying the required costs and fees by submitting an affidavit asserting her inability to pay the fees, the nature of the action, and the affiant's belief that she is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of her poverty, provide herself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is satisfied from Laws's affidavit that she is indigent. Laws reports that she is temporarily unemployed until school resumes in August 2026 and, therefore, has no income. She also states that she has no cash or funds in a checking or savings account, owns no items of value, and has a monthly rent payment. She also owes a debt to Ameren Illinois. Based on this financial information, the Court finds that Laws is indigent under 28 U.S.C. § 1915(a)(1).

Under § 1915(e)(2), the Court must now screen Laws's Complaint and dismiss it if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

Under Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Rule 8 states that a complaint "shall contain" a short and plain statement of the claim, jurisdictional basis, and demand for relief. FED. R. CIV. P. 8. The Court accepts the plaintiff's factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Generally, filing the EEOC's Notice of Rights letter is insufficient to commence a federal lawsuit. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984). In *Baldwin*, the Supreme Court held that filing a right-to-sue letter was not equal to filing a complaint because nothing in the letter set forth the factual basis for the plaintiff's discrimination claim. 466 U.S. at 149-50; *see also Agostin v. Am. Airlines, Inc.*, No. 01 C 3203, 2003 WL 21349476, at *2 (N.D. Ill. Jan. 2, 2003). But where the plaintiff also includes the Charge of Discrimination, outlining the facts of the alleged discrimination, the "short and plain statement" requirement of Rule 8 may be satisfied. *Agostin*, WL 21349476, at *2 (citing *Page v. Ark. Dep't of Corr.*, 222 F.3d 453, 454-55 (8th Cir. 2000); *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1332 (11th Cir. 1984)).

In her Charge of Discrimination, Laws alleges that she worked for Walgreens in 2025, with her employment ending on or about December 29, 2025. (Doc. 3 at p. 5). She states that she is Black and African American, and her employer was aware of her protected class. (*Id.*). Laws made complaints about unfair treatment in the workplace to

the Ethics hotline, the corporate office, and to her managers. (*Id.*). She also filed several reports about workplace hostility and asserted that others outside of her protected class were treated better than her. (*Id.*). In particular, her Caucasian supervisor treated her worse than other employees. (*Id.*). After she complained about this treatment, she was terminated. (*Id.*). Laws alleges that the reason for her termination was a pretext for race, color, and retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964.

These allegations are not clearly frivolous or malicious, nor do they clearly fail to state a claim. Therefore, the Court finds that Laws's Complaint passes preliminary review under 28 U.S.C. § 1915(e)(2)(B). The Court will, however, order Laws to file an Amended Complaint that sets out her factual allegations and legal claims separate from her Charge of Discrimination. Doing so will allow Defendant to respond to the Complaint in a more organized fashion. *See* FED. R. CIV. P. 12(e). The Court encourages Laws to review the Court's resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court points Laws to the American Bar Association's Handbook for Pro Se Litigants, which explains how to draft a complaint in federal court.

For these reasons, Plaintiff Tyshon Laws's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is **GRANTED**.

Laws is **ORDERED** to file an Amended Complaint on or before **July 24, 2026**. Failure to comply with this Court's order may result in the dismissal of this action.

Laws is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **14 days** after a change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   June 24, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**